JACK SILVER  SBN #160575
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.    (707) 528-8175
Fax.    (707) 528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

DOWNEY BRAND LLP
STEVEN H. GOLDBERG (Bar No. 140039)
NICOLE E. GRANQUIST (Bar No. 199017)
GREGORY T. BRODERICK (Bar No. 220871)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100

Attorneys for Defendant
BIG OIL AND TIRE COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>　　　　　　　　Plaintiff,<br>v.<br>BIG OIL AND TIRE COMPANY, INC., and DOES 1-10, Inclusive,<br><br>　　　　　　　　Defendants<br>_____/ | CASE NO.  C06-03247 MHP<br><br>STIPULATION FOR DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER [FRCP 41(a)(1)(ii)] |

WHEREAS the parties reached an agreement at Mediation on January 29, 2007 to settle all of their disputes with respect to this action, the terms of settlement being incorporated into a Settlement Agreement and Mutual Release of Claims executed by the parties and attached to this Stipulation as Exhibit A.

//

IT IS HEREBY STIPULATED by and between plaintiff NORTHERN CALIFORNIA RIVER WATCH and defendant BIG OIL & TIRE COMPANY, INC., by and through their counsel of record, that this matter may be dismissed with prejudice, each party hereto waiving its right to recover costs and attorney's fees except as provided under said Settlement Agreement attached as Exhibit A.

This Stipulation may be executed in several counterparts, all of said counterparts shall constitute one original.

DATED: February 16, 2007

_____
JACK SILVER
Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

DATED: February 16, 2007

_____
NICOLE E. GRANQUIST
Attorney for Defendant
BIG OIL & TIRE COMPANY, INC.

### ORDER

Good cause appearing, and the parties having stipulated and agreed,

**IT IS SO ORDERED** that this matter is hereby dismissed with prejudice.

DATED: 2/20/07

_____
MARILYN HALL PATEL, JUDGE
UNITED STATES DISTRICT COURT

C06-03247 MHP
Stipulation for Dismissal With Prejudice; [Proposed] Order [FRCP 41(a)(1)(ii)]

1

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims ("AGREEMENT") is entered into between Northern California River Watch ("NCRW") and Big Oil & Tire Company, Inc. ("BIG OIL") (collectively, the "SETTLING PARTIES"), with respect to the following facts and objectives:

## RECITALS

A. NCRW is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to the protection, enhancement, and restoration of the rivers, creeks, and tributaries of Northern California;

B. BIG OIL is an employee-owned corporation organized under the laws of the State of California. Big Oil owns, owned, operates, or operated facilities at the following locations, which are all subject to the terms of this AGREEMENT:

    a)    1232 Fifth Street, Eureka California;
    b)    120607 Highway 101 South, Orick, California
    c)    3663 Rohnerville Road, Fortuna, California
    d)    2801 Central Avenue, McKinleyville, California
    e)    2698 Central Avenue, McKinleyville, California
    f)    2160 Central Avenue, McKinleyville, California
    g)    1497 Glendale Road, Arcata, California; and
    h)    1411 Broadway, Eureka, California.

C. On February 1, 2006, NCRW provided BIG OIL with a Notice of Violation and Intent to File Suit ("Notice Letter") under the Resources Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972. The letter listed a number of state and federal statutes and regulations that BIG OIL allegedly violated or was violating.

D. On May 16, 2006, NCRW filed its Complaint in the United States District Court for the Northern District of California against BIG OIL (*Northern California River Watch v. Big Oil*

*& Tire Company, Inc.*, Case No. C06-03247-MHP). NCRW's Complaint incorporates its February 1 Notice Letter by reference;

E. NCRW and BIG OIL, through their authorized representatives and without either adjudication of NCRW's claims or admission by BIG OIL of any alleged violation or other wrongdoing, have chosen to resolve in full NCRW's claims in the Notice Letter and Complaint through settlement to avoid the cost and uncertainties of further litigation;

F. NCRW and BIG OIL have agreed that it is in their mutual interest to enter into this AGREEMENT setting forth the terms and conditions appropriate to resolving NCRW's allegations set forth in the Notice Letter and Complaint.

## AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, NCRW and BIG OIL hereby agree as follows:

### EFFECTIVE DATE and TERMINATION DATE

1. The term "Effective Date," as used in this AGREEMENT, shall mean the last date on which the signature of a party to this AGREEMENT is executed. Once in effect, this AGREEMENT shall remain in effect for each of the sites described in paragraph 4 below until the completion of the delineation described in paragraph 5 below, or until BIG OIL has provided NCRW the description of remediation strategies described in paragraph 8, for the site, whichever is later, but in no case not longer than five (5) years from the Effective Date of this AGREEMENT.

### COMMITMENTS OF NCRW

2. **Stipulation to Dismiss With Prejudice and [Proposed] Order.** Within ten (10) calendar days of the Effective Date of this agreement, NCRW shall file a Stipulation to Dismiss With Prejudice and [Proposed] Order thereon pursuant to Federal Rule of Civil Procedure 41(a)(2) in the United States District Court for the Northern District of California specifying that

NCRW is dismissing with prejudice all claims in NCRW's Complaint and Notice Letter. NCRW is responsible for notifying BIG OIL of the District Court's entry of the Order dismissing with prejudice. If the District Court fails to enter the Order, this AGREEMENT is null and void.

## COMMITMENTS OF BIG OIL

3. **Supplemental Environmental Projects.** In recognition of the good-faith efforts by BIG OIL to comply with the terms of the settlement, and in lieu of the payment by BIG OIL of any penalties and costs which may have been assessed in this action if it had proceeded to trial, BIG OIL agrees to pay Fifteen Thousand Dollars ($15,000.00) for three separate supplemental environmental projects of approximately Five Thousand Dollars ($5,000.00) each.

NCRW will provide BIG OIL with a list of seven (7) supplemental environmental projects. For each project included on NCRW's list, the recipient, the recipient's organizational structure (whether the recipient is a 501(c)(3) non-profit), and purpose of the project shall be included. All funds will be expended by project recipients on the projects within one (1) year of the time the funds are received. Recipients of supplemental environmental funds cannot use any funds provided by BIG OIL in connection with, or to institute, litigation of any kind. NCRW is an ineligible recipient of any supplemental environmental project funds.

Within three (3) business days of receiving NCRW's supplemental environmental project list, BIG OIL will approve three (3) projects from NCRW's list. BIG OIL retains the option of being identified as the funding source for any particular project, or not being identified at all. BIG OIL shall make the supplemental environmental project funds available for the approved projects on, or within thirty (30) days of, July 2, 2007. Funds will be distributed to the project recipients via check made payable to the payee specified by the project recipients.

4. **Application.** BIG OIL's commitments, as described in paragraphs five (5) through twelve (12) below, shall apply only to the following sites:

      a)     1232 Fifth Street, Eureka California;

      b)     1497 Glendale Road, Arcata, California

      c)     3663 Rohnerville Road, Fortuna, California

      d)      2801 Central Avenue, McKinleyville, California

      e)      2698 Central Avenue, McKinleyville, California

5. **Plume Delineation**. BIG OIL agrees to delineate the horizontal and vertical extent of the groundwater plume(s) originating at or from the sites. Delineation shall be deemed complete when groundwater reports at or below the following levels for the following constituents:

| | | |
|---|---|---|
| (i) | Benzene: | 1 ppb |
| (ii) | Methyl Tertiary Butyl Ether (MTBE): | 13 ppb |
| (iii) | Total Petroleum Hydrocarbons as gasoline (TPHg): | 50 ppb |
| (iv) | Total Petroleum Hydrocarbons as diesel (TPHd): | 50 ppb |

6. **Completion of Plume Delineation**. BIG OIL agrees to undertake a good faith effort to complete the plume delineation process expeditiously. The SETTLING PARTIES understand that delays may occur due to regulatory agency processes, laboratory errors and/or delays in reporting, and other reasonable causes.

7. **Plume Delineation and Remediation Schedules**. BIG OIL will provide NCRW estimated schedules for plume delineation and remediation at the sites. The schedules described in this paragraph shall be provided to NCRW for informational purposes only and shall not create any enforceable deadlines or any requirement that BIG OIL obtain NCRW's approval for any purpose.

8. **Description of Remediation Strategies**. BIG OIL will provide NCRW with a description of BIG OIL's remediation strategy(ies) at each site at the same time BIG OIL provides that information to regulatory agencies. The remediation strategy(ies) described in this paragraph shall be provided to NCRW for informational purposes only and shall not create any enforceable deadlines or any requirement that BIG OIL obtain NCRW's approval for any purpose.

9. **Geological Soil Surveys**. BIG OIL shall complete geographical soil surveys (cross-sectional mapping) for those areas of the sites associated with the groundwater plume(s). The survey shall include a description of known aquifers fifty (50) vertical feet below the surface

within the area of the groundwater plume(s). BIG OIL shall provide NCRW with copies of the surveys as they are completed.

10. **Sewer Lateral Sampling.** BIG OIL shall sample sewer laterals at the sites for Benzene, MTBE, TPHg, and TPHd, but only where sewer cleanouts are available. If sewer cleanouts exist for the sewer laterals at each site, BIG OIL shall sample the cleanout for one hydrogeologic cycle (four samples over the course of one year). If sewer cleanouts are not available, BIG OIL shall have no obligation to test the sewer laterals, nor any obligation to install a cleanout or provide any other point of access.

11. **Identification of Utility Conduits.** BIG OIL shall identify and report to pertinent regulatory agencies and NCRW the location of all utility conduits running through the site.

12. **Environmental Reports.** BIG OIL shall provide NCRW with copies of any final environmental reports which are related to the cleanup and remediation at the sites and are:
    (a)     prepared during the next two years;
    (b)     submitted to a public regulatory agency; and
    (c)     not publicly available through either GeoTracker or the North Coast Regional Water Quality Control Board files.

13. **Fees, Costs, and Expenses.** BIG OIL shall pay NCRW the sum of Thirty-Five Thousand Dollars ($35,000.00). Payment shall be made by BIG OIL within thirty (30) calendar days after receiving notice by NCRW of the District Court's entry of the Order dismissing with prejudice described in paragraph 2 of this AGREEMENT. Payment by BIG OIL to NCRW shall be made in the form of a single check payable to "Northern California River Watch," and shall constitute full payment for all costs of litigation and attorneys' fees incurred by NCRW that have or could have been claimed in connection with NCRW's claims in its Complaint or Notice Letter.

14. **Mediator Fees.** BIG OIL shall pay for the fees charged by the Court-sponsored mediator for the mediation session on January 29, 2007.

## NO ADMISSION OR FINDING

15. Neither this AGREEMENT nor any payment pursuant to the AGREEMENT shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule or regulation. However, this AGREEMENT and/or any payment pursuant to the AGREEMENT may constitute evidence in actions seeking compliance with this AGREEMENT.

## MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

16. In consideration of the above, and except as otherwise provided by this AGREEMENT, the SETTLING PARTIES hereby forever and fully release each other and their respective successors, assigns, officers, agents, employees, and all persons, firms and corporations having an interest in them, from any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which the SETTLING PARTIES have against each other arising from NCRW's allegations and claims as set forth in the Notice Letter and Complaint.

17. For the period beginning on the Effective Date and ending with the termination of this AGREEMENT for each site, NCRW agrees that neither NCRW, its officers, executive staff, members of its governing board, nor any organization under the control of NCRW, its officers, executive staff, or members of its governing board, will file any lawsuit against BIG OIL. NCRW further agrees that NCRW will not support other lawsuits by providing financial assistance, personnel time, or other affirmative actions, against BIG OIL that may be proposed by other groups or individuals.

## GENERAL PROVISIONS

18. **Construction.** The language in all parts of this AGREEMENT shall be construed according to its plain and ordinary meaning, except as to those terms defined by law or specifically herein.

19. **Choice of Law.** This AGREEMENT shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

20. **Severability.** In the event that any provision, section, or sentence of this AGREEMENT is held by a court to be unenforceable, the validity of any enforceable provision shall not be adversely affected.

21. **Correspondence.** All notices required herein or any other correspondence pertaining to this AGREEMENT shall be sent by regular, certified, or overnight mail as follows:

If to NCRW:

Jack Silver, Esq.
Law Office of Jack Silver
PO Box 5469
Santa Rosa, CA 95402-5469

If to the BIG OIL:

Richard W. Pomrehn
President
Big Oil & Tire Company, Inc.
5670 West End Road, Suite 1
Arcata, CA 95521

And to:

Steven H. Goldberg
Nicole E. Granquist
Downey Brand LLP
555 Capitol Mall, 10th Floor
Sacramento, CA 95814

Notifications of communications shall be deemed submitted on the date that they are postmarked and sent by first-class mail or deposited with an overnight mail/delivery service. Any change of address or addresses shall be communicated in the manner described above for giving notices. In addition, the SETTLING PARTIES may agree to transmit documents electronically or by facsimile.

22. **Counterparts.** This AGREEMENT may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email, .pdf, and/or facsimile copies of original signatures shall be deemed to be originally executed counterparts of this AGREEMENT.

23. **Modification of the Agreement:** This AGREEMENT, and any provisions herein, may not be changed, waived, discharged or terminated unless by a written instrument, signed by the SETTLING PARTIES.

24. **Full Settlement.** This AGREEMENT constitutes a full and final settlement of this matter. It is expressly understood and agreed that the AGREEMENT has been freely and voluntarily entered into by the SETTLING PARTIES with and upon advice of counsel.

25. **Integration Clause.** This is an integrated AGREEMENT. This AGREEMENT is intended to be a full and complete statement of the terms of the agreement between the SETTLING PARTIES and expressly supersedes any and all prior oral or written agreements covenants, representations, and/or warranties (express or implied) concerning the subject matter of this AGREEMENT.

26. **Negotiated Agreement.** The SETTLING PARTIES have negotiated this AGREEMENT, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

27. **Modifications.** All modifications must be in writing and signed by all SETTLING PARTIES.

28. **Authority.** The undersigned representatives for NCRW and BIG OIL each certify that he is fully authorized by the party whom he represents to enter into the terms and conditions of this AGREEMENT.

The SETTLING PARTIES hereby enter into this AGREEMENT.

Date: February ___, 2007

BIG OIL & TIRE COMPANY, INC.

By: Richard W. Pomrehn, President

Date: February 15, 2007

NORTHERN CALIFORNIA RIVER WATCH

*(signed)* Margaret H. Bacigalupi

By: Margaret H. Bacigalupi, President

**APPROVED AS TO FORM:**

For DEFENDANT

Date: February ___, 2007

DOWNEY BRAND LLP

By: Nicole E. Granquist, Esq.

For PLAINTIFF

Date: February 16, 2007

LAW OFFICE OF JACK SILVER

*(signed)* Jack Silver

By: Jack Silver, Esq.

- 9 -

SETTLEMENT AGREEMENT: NCRW V. BIG OIL & TIRE COMPANY, INC.

830815.1

The SETTLING PARTIES hereby enter into this AGREEMENT.

Date: February 16, 2007       BIG OIL & TIRE COMPANY, INC.

                              By: *[signature]*
                              By: Richard W. Pomrehn, President

Date: February ___, 2007      NORTHERN CALIFORNIA RIVER WATCH


                              _____
                              By: Margaret H. Bacigalupi, President


**APPROVED AS TO FORM:**

                              For DEFENDANT

Date: February 16, 2007       DOWNEY BRAND LLP

                              By: *[signature]* Nicole E. Granquist, Esq.


                              For PLAINTIFF
Date: February ___, 2007      LAW OFFICE OF JACK SILVER


                              _____
                              By:   Jack Silver, Esq.

- 9 -

SETTLEMENT AGREEMENT: NCRW V. BIG OIL & TIRE COMPANY, INC.